PRAIRIE BLY, SBN 257296
JENNIFER C. BONILLA, SBN 259614
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
640 Civic Center Drive, Suite 108
Vista, CA 92084
Telephone: (760) 966-0511; Facsimile: (760) 966-0291

MICHAEL MEUTER, SBN 161554
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93905
Telephone:  (831) 757-5221; Facsimile:  (831) 757-6212

CYNTHIA L. RICE, SBN 87630
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin Street, Suite 103
Oakland, CA 94612
Telephone:  (415) 777-2752; Facsimile:  (415) 543-2752

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA VALERIO ESPINOZA, GUILLERMINA BERMUDEZ, FELIX GOMEZ DIAZ, MARIA MARTINEZ, LORENZO LOPEZ PASTRANA, ARTURO SALGADO MANZANO, AND CIPRIANO CAPISTRAN | CASE NO.:  '14 CV 2984 CAB KSC **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** JURY TRIAL DEMANDED |
| Plaintiffs | |
| v. | |
| WEST COAST TOMATO GROWERS, LLC, a CALIFORNIA LIMITED LIABILITY COMPANY; and DOES 1-20, Inclusive, | |
| Defendants. | |

# I.  <u>INTRODUCTION</u>

Plaintiffs ELISA VALERIO ESPINOZA, GUILLERMINA BERMUDEZ, FELIX GOMEZ DIAZ, MARIA MARTINEZ, LORENZO LOPEZ PASTRANA, ARTURO SALGADO MANZANO, AND CIPRIANO CAPISTRAN (collectively "Plaintiffs"), bring this action against WEST COAST TOMATO GROWERS, LLC ("Defendant"), and allege as follows:

1.      Plaintiffs are former hourly, non-exempt tomato farm employees of Defendant employer and bring this action based upon the violation of their rights caused by Defendant's failure to:  (1) comply with essential, significant, fundamental and well-established public policy of the State of California; (2) pay wages when required at the adverse effect wage rate for  all hours worked; (3) pay wages at agreed-upon rates; (4) pay the minimum wage for all hours worked; (5) pay all overtime wages; (6) pay all wages due upon termination of employment; (7) indemnify employees for necessary expenditures; (8) authorize and permit complete meal periods and/or second meal periods for each five hour period worked by employees; (9) provide accurate and complete itemized wage statements; and (10) otherwise comply with the working arrangements made by Defendant with Plaintiffs.

2.      Plaintiffs also invoke this court's jurisdiction for themselves under California's Unfair Business Practices Act, Business & Professions Code Section 17200, *et seq.*, to prevent unfair competition and enjoin Defendant's continuing wrongful conduct in failing to comply with well established labor laws, including the violations alleged above, as well as those protecting the health and safety of workers.  Among other things, Defendant was legally obligated to take preventive measures to protect the life, safety and health of workers and safeguard its field workers against potentially life-threatening heat illnesses through the adequate provision of shade, drinking water, cool-down recovery periods, and heat stress training, among other things.  Defendant was required to safeguard its workers in

its packing shed against the dangers of many heat stress elements inducing conditions in the crowded packing shed structure with sheet metal walls. Defendant failed to do so, and Plaintiffs therefore allege that Defendant has violated the unfair competition law by their unlawful and unfair business practices. Further, Plaintiffs allege that Defendant's unlawful workforce-wide conduct gave Defendant an unfair advantage over other agricultural employers who abide by the law, and that Defendant's unfair and unlawful practices resulted in harm to Plaintiffs.

3.      Plaintiffs seek unpaid wages and compensation; other damages permitted by law; accrued interest pursuant to California law; restitution of money obtained by Defendant from their unlawful business practices; declaratory and injunctive relief requiring Defendant to comply with all applicable California labor laws; all other forms of equitable relief permitted by law; and enforcement of all applicable penalties.

4.      Plaintiffs VALERIO ESPINOZA, BERMUDEZ, and GOMEZ DIAZ seek damages, reinstatement, and injunctive relief against Defendant for their wrongful termination in violation of California public policy.

5.      Plaintiffs LOPEZ PASTRANA, and SALGADO seek penalties provided for under California Labor Code §§ 2698 et seq., otherwise known as the California Private Attorneys General Act on behalf of themselves and other aggrieved employees.

## II.      <u>JURISDICTION AND VENUE</u>

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§1331 because it arises under the laws of the United States and 28 U.S.C. § 1337 because it arises under an Act of Congress regulating commerce, as well as the Court's supplemental jurisdiction over related state law claims because those claims are

related to Plaintiffs' federal claims in that they arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution and 28 U.S.C. § 1367(a). Injunctive and declaratory relief, damages, penalties, and other appropriate legal and equitable relief are sought under federal and state law.

7. Venue is proper in this District pursuant to 18 U.S.C. §§1965(a) and 28 U.S.C. §1391(e) because the unlawful practices of which Plaintiffs complain and the acts and/or omissions giving rise to this complaint occurred within the Southern District of California (including, but not limited to, San Diego County); Defendant WEST COAST TOMATO GROWERS, LLC have their principal business operations and headquarters within the Southern District of California (San Diego County) at all times relevant to this Complaint.

## II. PARTIES

### A. PLAINTIFFS

8. At all relevant times, Plaintiff ELISA VALERIO ESPINOZA ("VALERIO") was a seasonal agricultural worker working in San Diego County.

9. At all relevant times, Plaintiff GUILLERMINA BERMUDEZ ("BERMUDEZ") was a seasonal agricultural worker working in San Diego County.

10. At all relevant times, Plaintiff FELIX GOMEZ DIAZ ("GOMEZ") was a seasonal agricultural worker residing and working in San Diego County.

11. At all relevant times, Plaintiff MARIA MARTINEZ ("MARTINEZ") was a seasonal agricultural worker residing and working in San Diego County.

12. At all relevant times, Plaintiff LORENZO LOPEZ PASTRANA ("LOPEZ") was a seasonal agricultural worker residing and working in San Diego County.

13. At all relevant times, Plaintiff ARTURO SALGADO MANZANO ("SALGADO") was a seasonal agricultural worker residing and working in San Diego County.

14. At all relevant times, Plaintiff CIPRIANO CAPISTRAN ("CAPISTRAN") was a seasonal agricultural worker residing and working in San Diego County.

**B. <u>DEFENDANT</u>**

15. Defendant WEST COAST TOMATO GROWERS, LLC, ("WEST COAST") was and is a California Limited Liability Company.

16. At all relevant times, Defendant WEST COAST operated farms in or around San Diego County, California, hiring Plaintiffs and others to perform agricultural labor in connection with the operation of the farms and farm packing shed.

17. At all relevant times, Defendant, directly or indirectly, through an agent or other person, employed or exercised control over the wages, hours, or working conditions of Plaintiffs and other current and former employees, and committed the acts complained of herein.

18. At all relevant times, Defendant directly or indirectly or through an agent or other person engaged, suffered, or permitted Plaintiffs and other current and former employees to work.

19. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive (collectively referred to as "Defendants"), are currently unknown to Plaintiffs, who therefore sues DOES 1 through 20 by such fictitious names.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the occurrences and unlawful acts referred to herein and that the damages alleged herein were proximately caused by their conduct.  Plaintiffs will amend this complaint to reflect the true names or capacities of the fictitiously named Defendants once they have been ascertained.

20. Plaintiffs are informed and believe, and based thereon allege, that Defendant and DOES 1 through 20 acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, were the agents, employees, co-conspirators, business affiliates, subsidiaries, parent entities, owners and/or joint ventures of the other Defendants, and each of them; and, in doing the things alleged herein, were acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

## FACTS

21. Defendant employed Plaintiff VALERIO as a non-exempt employee pursuant to an oral and implied in fact employment contract as a tomato packer in its agricultural packing shed in San Diego County, California from approximately 2013 through August 2014.

22. Defendant employed Plaintiff BERMUDEZ as a non-exempt employee pursuant to an oral and implied in fact employment contract as a tomato packer in its agricultural packing shed in San Diego County, California from approximately 2013 through August 2014.

23. Defendant employed Plaintiff GOMEZ as a non-exempt employee pursuant to an oral and implied in fact employment contract as a tomato packer in its agricultural packing shed in San Diego County, California from approximately 2012 through August 2014.

24. Defendant employed Plaintiff MARTINEZ as a non-exempt employee pursuant to an oral and implied in fact employment contract as a tomato sorter in its agricultural packing shed in San Diego County, California from approximately 2013 through October 2014.

25. Defendant employed Plaintiff LOPEZ as a non-exempt employee pursuant to an oral and implied in fact employment contract as an agricultural field worker in San Diego County, California from approximately 2012 through November 26, 2013.

26. Defendant employed Plaintiff SALGADO as a non-exempt employee pursuant to an oral and implied in fact employment contract as an agricultural field worker in San Diego County, California from approximately 2012 through November 26, 2013.

27. Defendant employed Plaintiff CAPISTRAN as a non-exempt employee pursuant to an oral and implied in fact employment contract as an agricultural field worker in San Diego County, California from approximately March 2012 to June 2013.

28. At all relevant times, Defendant imposed production standards in its packing shed, including upon packers and sorters who performed the final sorting of tomatoes and packed boxes with tomatoes. The production standards required packers and sorters to complete a certain number of boxes of tomatoes per hour. Defendant required Plaintiffs VALERIO, BERMUDEZ, and GOMEZ and other employees to meet these production standards as a condition of their continued employment. In order to meet those requirements, Plaintiffs and other employees had to work in an unsafe and hazardous manner that is caused by working at high speeds in often heat stress inducing conditions. Unsafe workplace conditions imposed by Defendant heightened the risk of accident and injury including, without limitation, requiring its packing shed employees to work standing in a crowded and hot packing shed, with lamps directly above their heads, in a structure with sheet metal walls and a ceiling that trapped heat in and deficient cooling system from inadequate fans, particularly during hot workdays. The stressful conditions were compounded by the close proximity between the workers' increasing body heat and ambient temperature. The unreasonably excessive production requirements also resulted in inadequate access to toilet facilities when needed for Plaintiffs VALERIO and BERMUDEZ. This was particularly true when their foreman effectively restricted toilet facility usage by regulating the frequency and duration of trips to the bathroom. The production requirements and standards were, therefore, illegitimate, unlawful, and in violation of Labor Code § 6400 *et seq*.

These unlawful production standards effectively encouraged Defendant's foremen and supervisors in the packing shed and other managers to reprimand and discharge those who worked at a reasonable and fast pace but were often not willing or able to meet unsafe and unlawful production standards that compromised their health and their safety.

29. At all times relevant Defendant employed temporary workers granted visas under the H-2A program to perform work as tomato sorters, packers and field workers. Plaintiffs performed work that was included in the job order under which the H-2A workers were employed and performed work that was the same as work performed by H-2A workers.

30. Plaintiff GOMEZ has extensive experience as an agricultural packing worker dating back to 1990 at the identical operations of Defendant's predecessor Harry Singh & Sons and was adept and expeditious in his work for Defendant. Plaintiffs VALERIO and BERMUDEZ similarly had substantial experience as agricultural packing workers at prior employment and had made good earnings at piece rate work because they worked at an effective and productive pace, and they were similarly adept and expeditious in their work for Defendant.

31. At all relevant times, Plaintiff VALERIO, BERMUDEZ, and GOMEZ worked at a reasonably fast, satisfactory, and productive pace. However, in order to prevent risk to their health and of injury, they were often not able to perform at the unreasonably fast pace required by Defendant and its productions standards and, therefore, did not meet them. Defendant terminated Plaintiff VALERIO, BERMUDEZ, and GOMEZ in approximately August 2014, and provided Plaintiffs with discharge paperwork indicating terminations for productivity. Plaintiffs are informed and believe that their refusing or failing to work in an unhealthy and unsafe manner resulted in their not meeting Defendant's unlawful production standards and requirements.

32. Plaintiffs VALERIO, BERMUDEZ, and GOMEZ are informed and believe that Defendant's supervisors had responsibility to, and in fact did, direct, supervise, and evaluate the performance of crew workers; implement company policies relating to work performed by its packing shed workers, including the enforcement of Defendant's production standards such as quotas; and report on worker performance to Defendant's agents and employees with the authority to hire, reprimand, and terminate the employment of Plaintiffs VALERIO, BERMUDEZ, and GOMEZ and other workers in Defendant's packing shed.  Plaintiffs VALERIO, BERMUDEZ, and GOMEZ are informed and believe that Defendant ultimately discharged them prior to the end of the season through its supervisory and/or management personnel that carried the authority to terminate and did terminate Plaintiffs VALERIO, BERMUDEZ, and GOMEZ's employment.

33. At all relevant times, the minimum wage provisions of Labor Code §§ 1182.12, 1197, and Industrial Welfare Commission ("IWC") Wage Order 14, 8 California Code of Regulations § 11140 (Jan. 1, 2001), have applied to Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN.  Employees who are covered by these provisions must be paid a minimum wage of $8.00 per hour for all regular hours worked through June 30, 2014 and $9.00 per hour for all regular hours worked on July 1, 2014 and thereafter.

34. At all relevant times, the minimum wage provisions of Labor Code §§ 1182.12, 1197, and Industrial Welfare Commission ("IWC") Wage Order 8 and/or Wage Order 13, respectively, 8 California Code of Regulations § 11080 and 8 California Code of Regulations § 11130 (Jan. 1, 2001), have applied to Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ.  Employees who are covered by these provisions must be paid a minimum wage of $8.00 per hour for all regular hours worked through June 30, 2014 and $9.00 per hour for all regular hours worked on July 1, 2014 and thereafter.

35. At all relevant times, Defendant required and/or knew or should have known that Plaintiffs worked without compensation, off-the-clock, to perform duties prior to and/or subsequent to the recorded time of their shifts.  Field workers were required to arrive before the recorded time of their shifts for roll call and to prepare equipment and tools for field work.  Packing shed workers worked without compensation during periods when packing shed equipment stopped functioning, when there were not enough tomatoes and operations were temporarily halted, when performing tasks before clocking in such as cleaning their break area table, and during the time that packers must wait to clock in at the start of their shift for packing shed workers.

36. Defendant had a policy or practice of failing to accurately and completely record and report all hours worked by Plaintiffs including, but not limited to work at the beginning and end of the shift and waiting time when work was temporarily halted during the shift.

37. At all relevant times, during which Defendant employed temporary foreign labor, under the H-2A program Defendant was required to pay the Adverse Effect Wage Rate ("AEWR") to its comparably employed U.S. workers for all work performed at wage rates which varied by year and were set by federal law.  Defendant failed to pay the AEWR to Plaintiffs and other comparably employed U.S. workers.

38. At all relevant times, Defendant failed to compensate Plaintiffs for all regular wages earned during uncompensated, off-the-clock work.

39. At all relevant times, Defendant failed to pay Plaintiffs minimum wages for all hours worked during uncompensated, off-the-clock time.

40. At all relevant times, Defendant required Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN to work more than 10 hours per day, including uncompensated, off-the-clock work, without additional compensation.

41. At all relevant times, Defendant required Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ to work more than 8 hours per day, including uncompensated, off-the-clock work, without additional compensation.

42. At all relevant times, Defendant failed to pay Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN the legally-mandated overtime rate for all work, including uncompensated, off-the-clock work, after 10 hours in a day and/or 60 hours in a workweek.

43. At all relevant times, Defendant failed to pay Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ the legally-mandated overtime rate for all work, including uncompensated, off-the-clock work, after 8 hours in a day and/or 40 hours in a workweek.

44. At all relevant times, Defendant failed to compensate Plaintiffs for all wages earned at the time of termination of employment, including uncompensated, off-the-clock work.

45. At all relevant times, Defendant did not pay Plaintiffs two times the minimum wage yet Defendant required that Plaintiffs provide and maintain, at the Plaintiffs' personal expense, tools and equipment that were necessary to perform their job.

46. At all relevant times, Defendant failed to authorize and permit meal periods for Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN, and prevented these Plaintiffs from taking legally-required complete meal periods and/or second meal periods.

47. At all relevant times, Defendant failed to provide Plaintiffs with legally-required accurate itemized wage statements, including, without limitation, total hours worked, including off-the-clock work; gross and net wages that accurately reflected all hours worked; and Defendant employer's complete address beyond merely city, state, and zip code.

48. At all relevant times, Defendant failed to maintain accurate and complete payroll records showing the daily hours worked by each Plaintiff, including off-the-clock work, and wages earned by each Plaintiff.

49. At all relevant times, Defendant failed to furnish employment that was safe and healthful for Plaintiffs and its employees and has required Plaintiffs and other employees to be in employment that was not safe or healthful, including as further alleged herein.

50. At all relevant times, Defendant failed to furnish safety devices to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and other field employees, including, without limitation, appropriate gloves and face shields during periods that workers pound wooden stakes into the ground; failed to adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render its employment safe and healthful and undertake reasonably necessary things to protect the life, safety and health of Plaintiffs, including, without limitation, establishing and implementing practices that permit and encourage workers to use toilet facilities when necessary; required labor in the fields at a pace that increased the risk of injury or heat illness; and failed to identify work hazards and respond accordingly after evaluation to minimize any preventable hazards with provision of appropriate personal protective equipment, or through the use of alternate methods or materials for carrying out necessary job duties.

51. At all relevant times, Defendant failed to establish, implement and maintain an effective injury prevention program, applicable to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and other field employees, that includes, but is not limited to: identifying and evaluating workplace hazards including work practices; establishing methods and procedures for correcting unsafe or unhealthy conditions and work practices; and correcting unsafe and unhealthy conditions and work practices; including, without limitation, establishing and informing workers of procedures for handling rattlesnake hazards, adequately implementing measures to prevent and address heat illness among field workers and packing shed workers, and using appropriate materials, personal protective equipment, and processes to prevent injury of field workers when driving lengthy stakes into the ground.

52. At all relevant times, Defendant failed to do reasonably necessary things to protect the life, safety and health of Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and other field employees, including, but not limited to, permitting and encouraging the necessary consumption of water, permitting and encouraging preventive rest breaks, providing sufficient and adequate shade at an adequate distance, not discouraging use as needed of portable restrooms and maintaining at all times at applicable standards.

53. At all relevant times, Defendant unreasonably and dangerously exposed its field crew, including Plaintiffs LOPEZ, SALGADO, and CAPISTRAN, to unsafe and unhealthy work conditions by failing to take required heat illness prevention measures, including, without limitation, adequate provision of shade and cool-down recovery periods to protect themselves from overheating, by failing to ensure workers have the opportunity to rest when needed under adequate shade that is often too far from Plaintiffs and not located as close as practicable to the areas where they and others are working.

54. At all relevant times, Defendant failed to adequately provide drinking water to Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN and other field employees, including by locating water at too great a distance from Plaintiffs; and failed to adequately service and maintain sanitary and washing facilities, including without limitation, refilling of potable water and cleansing agents for hand washing,  and thereby failed to comply at all times with Labor Code § 6407 and 8 California Code of Regulations §§ 3395 and 3457.

55. At all relevant times, Defendant failed to provide safeguards and failed to adopt and use methods reasonably adequate to render its employment safe for Plaintiffs and other employees and imposed methods that created an unsafe workplace, including, but not limited to, imposing  production standards that compel field workers and packing shed workers to labor at speeds and pace that increase risks to health and of accident and injury, and requiring field workers to use unsafe

methods  for driving lengthy stakes into the ground for pole tomatoes that could lead to injuries from splintering wooden stakes or other risks.

56. At all relevant times, Defendant failed to pay Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ wages for all hours worked, including uncompensated off-the-clock work to perform duties outside the recorded time of their shifts, such as during periods when packing shed equipment stopped functioning, when there were not enough tomatoes and operations were temporarily halted, when performing tasks before clocking in such as cleaning their break area table, and during the time that packers must wait to clock in at the start of their shift.

57. At all relevant times, Defendant did not provide Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ and other packing shed employees with all the tools or equipment required or necessary to the performance of the job. Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ were required to purchase without reimbursement some of their own necessary tools or equipment, including as applicable rubber stampers through 2013 and aprons.   Plaintiffs were also required to spend their own time and money to maintain their aprons without reimbursement.

58. At all relevant times, Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ and other packing shed employees worked shifts that ended between the hours of 10 p.m. and 6 a.m., and Defendant's facilities did not provide them with the ability to heat their food or drink or otherwise secure hot food or drink for those meal periods.  The resting and meal facility tables also were not maintained in a suitable and clean condition, and there were employees of the packing shed who cleaned these tables off-the-clock on a regular and ongoing basis.

59. At all relevant times, Defendant failed to do reasonably necessary things to protect the life, safety and health of Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ and other packing shed employees, including, but not limited to, providing water that did not taste fresh and failing to provide adequate access to

water, especially given the pressure to meet production requirements. Conditions imposed by Defendant led Plaintiffs and other employees to supply their own water which was stored in the resting and meal room, with limited access. The use of restrooms as reasonably needed was also restricted, and enforced by comments from supervisory personnel discouraging access. Defendant also increased risk to the health and safety of Plaintiffs and other packing shed workers by maintaining a workplace that exposed them to heat stress inducing conditions by working standing in a crowded and often hot packing shed, with lamps directly above their heads, in a structure with sheet metal walls and a ceiling that trapped heat in with deficient cooling from inadequate fans, particularly during hot weather periods. The stressful conditions were compounded by the close proximity between workers, which increased body heat and ambient temperature, and Defendant's continuous obligation and pressure upon Plaintiffs and other packing shed workers to meet unreasonably high production standards. Defendant also failed to identify work hazards and provide personal protective equipment to protect workers' eyes, and Plaintiff GOMEZ has experienced a burning sensation in his eyes from handling tomatoes which are cleaned with a chemical substance. Defendant also maintained conveyer belts which were unguarded under the tables, posing risks and hazards, including the risk that work benches which hold packing boxes hit moving machine parts and begin grinding the benches when placed under the table.

### FIRST CAUSE OF ACTION

**Wrongful Discharge in Violation of Public Policy**

**By Plaintiffs VALERIO, BERMUDEZ, and GOMEZ against Defendant**

60. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

61. It is the public policy of the State of California that employees be employed under the minimum terms and conditions established by the Labor Code and applicable

regulations.  Defendant required Plaintiffs VALERIO, BERMUDEZ, and GOMEZ to perform their work in an unsafe manner and to satisfy production requirements that were hazardous, and in violation of Defendant's legal obligation and the public policy of the State of California that employers provide safe and healthful employment to employees.  This legal obligation and public policy is essential, significant, fundamental and well-established in the California Labor Code, including, without limitation, §§ 6400, 6401, 6401.7, 6402, 6403, 6407, and 6311, and is designed to benefit employees and the public at large.  Plaintiffs were entitled to work under terms and conditions that complied with the provisions of the Labor Code and applicable regulations, and Defendant violated the public policy of the State of California by establishing and perpetuating unsafe and hazardous production standards and thereafter terminating Plaintiffs VALERIO, BERMUDEZ, and GOMEZ for not meeting these unsafe and unlawful production standards.

62. As a direct, foreseeable, and proximate result of Plaintiffs VALERIO, BERMUDEZ, and GOMEZ's inability to perform the work under the unsafe and unlawful conditions, Defendant WEST COAST terminated Plaintiffs VALERIO, BERMUDEZ, and GOMEZ.

63. As a direct, foreseeable, and proximate result of Defendant WEST COAST'S actions, Plaintiffs VALERIO, BERMUDEZ, and GOMEZ suffered and continue to suffer a loss of earnings and job benefits in amounts to be proven at trial.

64. As a direct, foreseeable, and proximate result of Defendant WEST COAST'S conduct, Plaintiffs VALERIO, BERMUDEZ, and GOMEZ have suffered and/or continue to suffer loss of wages, anxiety, and embarrassment, all to Plaintiffs' damage in an amount to be proven at trial.

65. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiffs VALERIO, BERMUDEZ, and GOMEZ.  Defendant acted with an improper and evil motive amounting to

malice and a conscious disregard for Plaintiffs' rights.  Because Defendant, through its authorized agents, carried out these acts in a deliberate, callous, and intentional manner with a desire to injure and damage Plaintiffs, Plaintiffs are entitled to recover punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Failure to Pay Wages at AEWR for All Hours Worked
### [20 C.F.R. §§ 655.120 and 655.122(l)]
### By Plaintiffs Individually Against Defendant

66. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

67. Defendant hired temporary foreign labor under the federal government's "H-2A Temporary Agricultural Program," ("H-2A Act") a program enabled by 8 U.S.C. 101(a)(15)(H)(ii)(a), 8 U.S.C. 1184(c)(1), and 8 U.S.C. 1188.  Pursuant to the H-2A Act and regulations, Defendant was required to pay both comparably employed U.S. workers and foreign temporary workers the highest of the Adverse Effect Wage Rate (AEWR) as published by the Office of Foreign Labor Certification, the prevailing hourly wage or piece rate, the agreed-upon collective bargaining wage, or the Federal or State minimum wage.  20 C.F.R. §§ 655.120 and 655.122(l) (Feb. 12, 2010).  The published AEWR for California was $10.11 for 2010, $10.22 for 2011, $10.36 for 2012, $10.74 for 2013, and $11.01 for 2014.

68. At all relevant times, each Plaintiff was employed in comparable employment to that of the foreign temporary workers employed by Defendant.

69. At all relevant times, Defendant represented to the U.S. Department of Labor that it would pay all comparable employees the applicable AEWR.

70. Each Defendant was required to pay Plaintiffs the applicable published AEWR for periods during which Defendant recruited and employed temporary foreign labor.

Defendant failed to pay Plaintiffs the AEWR for all hours worked, including uncompensated, off-the-clock work.

71. As a direct and proximate result of Defendant's failure to pay Plaintiffs' wages at the wage rate set by the AEWR for all hours worked, Plaintiffs are entitled to recover unpaid wages at the statutory rate due in amounts to be determined at trial.

## THIRD CAUSE OF ACTION

### Failure to Pay All Wages Due

### (California Common Law, California Labor Code §§ 204 and 223)

### By Plaintiffs Individually Against Defendant

72. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

73. At all relevant times, each Defendant failed to pay Plaintiffs, and on information and belief, other employees, wages owed pursuant to employment contracts.

74. As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiffs have been deprived of contractual wages in an amount to be proven at trial.

75. At all relevant times, Defendant offered and Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN accepted employment as tomato farm workers and harvesters for each season worked.

76. At all relevant times, Defendant offered and Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ accepted employment as tomato farm packing shed workers for each season worked.

77. At all relevant times, Plaintiffs' hours were to be determined by Defendant, under oral contracts and contracts implied-in-fact by 20 C.F.R. §§ 655.120 and 655.122(l) (Feb. 12, 2010), whereby Defendant would pay Plaintiffs the Adverse Effect Wage Rate (AEWR) for work performed during periods in which Defendant recruited and employed temporary foreign labor, as required pursuant to the H-2A

Temporary Agricultural Program, authorized under 8 U.S.C. 101(a)(15)(H)(ii)(a), 8 U.S.C. 1184(c)(1), and 8 U.S.C. 1188.

78. At all relevant times, Defendant failed to pay all wages earned and due in violation of Labor Code § 204.

79. At all relevant times, Defendant represented to the U.S. Department of Labor that it would pay all comparable employees the applicable AEWR but secretly failed to do so in violation of Labor Code § 223.

80. Defendant breached its employment contracts with Plaintiffs by failing to comply with the promised terms and conditions therein, including by failing to pay Plaintiffs' wages at the AEWR rate when applicable.

81. Defendant breached its employment contracts with Plaintiffs by failing to comply with terms and conditions implied at law including failing to pay for time worked off-the-clock to perform duties prior to and/or subsequent to the time of their shifts at the applicable contractual rate of pay.

82. Plaintiffs were at all times ready, willing, and able to, and did in fact comply with the terms of their employment contracts.

83. As a direct and proximate consequence of Defendant's breach of their employment contracts, Plaintiffs sustained economic damages, including but not limited to loss of income and unpaid overtime wages, and suffered substantial injury.  Defendant is therefore liable to Plaintiffs for actual, incidental, and consequential damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wage for All Hours Worked**

**(Cal. Labor Code §§ 1194, 1194.2, 1197, 1182.12; IWC Wage Order 8, Cal. Code Regs., tit. 8 § 11080;  IWC Wage Order 13, Cal. Code Regs., tit. 8 § 11130; and IWC Wage Order 14, Cal. Code Regs., tit. 8 § 11140)**

**By Plaintiffs Individually Against Defendant**

84. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

85. Each Defendant failed to pay Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN the legal minimum wage of $8.00 per hour for all hours worked, in violation of California Labor Code §§ 1182.12 and 1197; and IWC Wage Order 14, 8 California Code of Regulations § 11140 (Jan. 1, 2001).  Specifically, these Plaintiffs, and on information and belief, other employees, were not paid minimum wages for all hours worked during the relevant time period, including uncompensated off-the-clock work to perform duties prior to and/or subsequent to the recorded time of their shifts, such as time for roll call and to prepare equipment and tools for field work for field workers.

86. Each Defendant failed to pay Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ the legal minimum wage of $8.00 per hour for all regular hours worked through June 30, 2014 and $9.00 per hour for all regular hours worked on July 1, 2014 and thereafter, in violation of California Labor Code §§ 1182.12 and 1197; and IWC Wage Order 8, 8 California Code of Regulations § 11080 and/or IWC Wage Order 13, 8 California Code of Regulations § 11130 (Jan. 1, 2001). Specifically, Plaintiffs, and on information and belief, other employees, were not paid minimum wages for all hours worked during the relevant time period, including uncompensated off-the-clock work to perform duties prior to the recorded time of their shifts, and during periods when packing shed equipment stopped functioning, when there were not enough tomatoes and operations were temporarily halted, when performing tasks before clocking in such as cleaning their break area table, and during the additional period that those employed as packers must wait to clock in at the start of their shift.

87. As a direct and proximate result of each Defendant's failure to pay Plaintiffs' wages at the minimum mandated rate, Plaintiffs are entitled to recover unpaid minimum wages due in amounts to be determined at trial.

88. Plaintiffs are also due an award of liquidated damages in an amount equal to their wages unlawfully unpaid and interest thereon, pursuant to Cal. Lab. Code §§ 1194 and 1194.2.

## FIFTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### (Cal. Lab. Code §§ 218.6, 1194, 1198; IWC Wage Order 8, Cal. Code Regs., tit. 8 § 11080;  IWC Wage Order 13, Cal. Code Regs., tit. 8 § 11130; and IWC Wage Order 14, Cal. Code Regs., tit. 8 § 11140)

### By Plaintiffs Individually Against Defendant

89. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

90. At all relevant times, Defendant required and/or knew or should have known that Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN worked without compensation, off-the-clock, to perform duties such as presenting themselves for roll call and preparing equipment and tools for field work prior to and/or subsequent to the recorded time of their shifts, and at various times during the season, Plaintiffs regularly performed more than ten (10) hours or work in a work day and/or more than sixty (60) hours in a workweek.

91. At all relevant times, Defendant was required to and has failed to pay Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN the required overtime premium wages at 1-1/2 times the regular wage for each hour over ten (10) employed in the first 6 days of the workweek or more than sixty (60) hours in a workweek in amounts to be proven at trial.

92. At all relevant times, Defendant required and/or knew or should have known that Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ worked without compensation, off-the-clock, to perform duties prior to and/or subsequent to the recorded time of their shifts, including periods when packing shed equipment

stopped functioning, when there were not enough tomatoes and operations were temporarily halted, when performing tasks before clocking in such as cleaning their break area table, and during the time that packers waited to clock in at the start of their shift for packing shed workers, and at various times during the season, Plaintiffs regularly performed more than eight (8) hours or work in a work day and/or more than forty (40) hours in a workweek.

93. At all relevant times, Defendant was required to and has failed to pay Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ the required overtime premium wages at 1-1/2 times the regular wage for each hour over eight (8) employed in the first 6 days of the workweek or more than forty (40) hours in a workweek in amounts to be proven at trial, and double the regular wage for each hour over twelve (12) in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek in amounts to be proven at trial.

94. Plaintiffs demand pre-judgment interest in amounts to be proven at trial.


## SIXTH CAUSE OF ACTION
### Failure to Pay All Wages Due Upon Termination of Employment
### (Cal. Labor Code §§ 201, 202, and 203)
### By Plaintiffs Individually Against Defendant

95. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

96. Plaintiffs VALERIO, GOMEZ and BERMUDEZ were discharged within the meaning of California Labor Code § 201 by Defendant, but Defendant continuously at all times since their discharge in August 2014, has willfully failed to pay Plaintiffs all wages earned and due, including uncompensated, off-the-clock work and for periods of stoppage, in violation of California Labor Code § 201.

97. Plaintiff MARTINEZ was discharged within the meaning of California Labor Code § 201 by Defendant, but Defendant continuously at all times since her discharge in October 2014, has willfully failed to pay Plaintiff all wages earned and due, including uncompensated, off-the-clock work and for periods of stoppage, in violation of California Labor Code § 201.

98. Plaintiffs LOPEZ and SALGADO were discharged within the meaning of California Labor Code § 201 by Defendant, but Defendant continuously at all times since November 26, 2013, has willfully failed to pay Plaintiffs all wages earned and due, including uncompensated, off-the-clock work, in violation of California Labor Code § 201.

99. Plaintiff CAPISTRAN separated from his employment within the meaning of California Labor Code § 202, but Defendant continuously at all times since approximately June 2013, has willfully failed to pay Plaintiff all wages earned and due, including uncompensated, off-the-clock work, in violation of California Labor Code § 202.

100.     As a result of Defendant's willful failure to pay Plaintiffs all wages due in accordance with California Labor Code §§ 201 and 202, Plaintiffs are entitled to waiting time penalties pursuant to California Labor Code § 203 in an amount equal to thirty (30) times their daily rate of pay.

## SEVENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures**

**(Cal. Labor Code §§ 1198, 2802 and IWC Wage Order 8, Cal. Code Regs., tit. 8 § 11080;  IWC Wage Order 13, Cal. Code Regs., tit. 8 § 11130; and IWC Wage Order 14, Cal. Code Regs., tit. 8 § 11140)**

**By Plaintiffs Individually Against Defendant**

101.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

102. At all relevant times, Defendant did not pay twice the minimum wage to Plaintiffs.

103.    At all relevant times, Defendant was required to provide and maintain tools and equipment necessary to the performance of the job for field workers and failed to do so, including, but not limited to, face shields, gloves, and scissors that were in working order, as applicable for Plaintiffs LOPEZ, SALGADO, and CAPISTRAN pursuant to IWC Wage Order 14.

104.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

105.    At all relevant times, Defendant was required to provide and maintain tools and equipment necessary to the performance of the job for packing shed workers and failed to do so, including, but not limited to, rubber stampers through 2013, aprons, and maintenance of their aprons as applicable for Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ pursuant to IWC Wage Orders 8 and/or 13.

106.    At all relevant times, certain tools provided by Defendant were not maintained by Defendant in working order, including, without limitation, scissors for field workers with dull blades and/or failed to properly open and close, and were therefore ineffective and caused pain during their repetitive use.

107.    At all relevant times, Plaintiffs LOPEZ, SALGADO, and CAPISTRAN, as applicable, were required to spend their own money to purchase tools necessary for the performance of their duties in the preparing of farm land, planting, caring for, and harvesting of tomatoes for Defendant, including, but not limited to, gloves and scissors.

108.    At all relevant times, Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ, as applicable, were required to spend their own money to purchase tools necessary for the performance of their duties in packing or sorting tomatoes for Defendant, including, but not limited to, rubber stampers through 2013 and

aprons, and were required to spend their own time and money to maintain their aprons without reimbursement.

109.     These tools were necessary to the completion of Plaintiffs' duties and many were also necessary for their protection from wounds, cuts, and other injury or damage.

110.     Defendant did not reimburse Plaintiffs for these expenditures in violation of Cal. Lab. Code § 2082(a).  Plaintiffs expended their own funds to pay for and maintain as applicable the necessary tools and protective gear that were, in effect, an offset against wages due to Plaintiffs, and were thereby injured and are entitled to recover those expenditures in an amount to be proven at trial.

111.     As a direct and proximate cause of Defendant's failure to reimburse Plaintiffs for expenditures, Plaintiffs have suffered financial loss.

112.     Plaintiffs are entitled to an award of the costs expended on necessary tools and interest thereon from the date of purchase, as well as attorney fees and costs pursuant to Cal. Lab. Code § 2802(b)-(c).

113.     Plaintiffs are also due an award of liquidated damages equaling the offset against the minimum wage effectuated by Defendant's failure to reimburse Plaintiffs for tool expenditures, pursuant to Cal. Lab. Code § 1194.2.


## EIGHTH CAUSE OF ACTION

### Failure to Provide Meal Periods

### (Cal. Labor Code § 226.7, 1198, and IWC Wage Order 14,

### Cal. Code Regs., tit. 8 § 11140)

### By Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN Individually Against Defendant

114.     Plaintiffs LOPEZ, SALGADO, and CAPISTRAN re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

115.     IWC Wage Order 14 at section 11 provides, in pertinent part: "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes…Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

116.     California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

117.     California Labor Code section 226.7 requires that Defendant provide Plaintiffs LOPEZ, SALGADO, and CAPISTRAN with all complete meal periods and/or second meal periods specified in the applicable wage order and that Plaintiffs are entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for denied meal periods.

118.     At all relevant times, Defendant controlled the timing and length of Plaintiff LOPEZ, SALGADO, and CAPISTRAN's meal periods, and Plaintiffs were not authorized or permitted to take complete meal periods.  Additionally, Plaintiffs were generally exposed to pesticides or fertilizers, and adequate washing of their hands in order to safely consume their meals was an integral part of their principal farm work activity, and when done the time waiting to wash and washing their hands significantly reduced the amount of time of their designated meal periods. At various times during the season, Plaintiffs worked more than ten hours in a day, including uncompensated, off-the-clock time, and Defendant did not provide Plaintiffs with an opportunity to take a second meal period.

119.     Plaintiffs LOPEZ, SALGADO, and CAPISTRAN suffered a loss equal to their applicable hourly rate of pay times the total number of days they were not authorized and permitted to take complete meal periods and/or a second meal period when required, and have therefore not been paid all of the wages due to them, and are entitled to recover that compensation in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

**Knowing and Intentional Failure to Provide Accurate and Complete Itemized Statements**

**(Cal. Labor Code § 226)**

**By Plaintiffs Individually Against Defendant**

120.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

121.    California Labor Code § 226 provides that employers are required to furnish employees with accurate and complete itemized statements containing all items enumerated under subdivision (a).

122.    At all relevant times, each Defendant violated Labor Code Section 226(a) by knowingly and intentionally failing to report and falsely reporting for Plaintiffs required items, including:

      a.   the gross and net wages earned;

      a.   the hours worked; and

      b.   the address of Defendant.

123.    Plaintiffs cannot promptly and easily determine items from the wage statements alone including the above-stated items that are required to be provided on the itemized wage statement.

124.    Pursuant to California Labor Code § 226(e), Plaintiffs are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to an award of costs and reasonable attorneys' fees.

## TENTH CAUSE OF ACTION

**Migrant and Seasonal Agricultural Worker Protection Act (AWPA)**

**(29 U.S.C. § 1801 *et seq.* and 29 C.F.R. § 500 *et seq.*)**

**By Plaintiffs LOPEZ, SALGADO, AND CAPISTRAN Against Defendant**

125.    Plaintiffs LOPEZ, SALGADO, and CAPISTRAN re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

126.    At all relevant times, Defendant is and was an "agricultural employer" within the meaning of 29 U.S.C. § 1802(2).

127.    At all relevant times, Plaintiffs were each a "seasonal agricultural worker" within the meaning of 29 U.S.C. § 1802(10).

128.    Defendant, in part due to its business practices, failed to pay Plaintiffs the wages owed to them at the applicable statutory or contractual rate when due, including wages for uncompensated, off-the-clock work, in violation of 29 U.S.C § 1832(a).

129.    Defendant, in part due to its business practices, failed to comply with the posting requirements of 29 U.S.C. § 1831(b) by failing to place in a location that is conspicuous for Plaintiffs the poster prepared by the Department of Labor explaining the rights and protections of migrant and seasonal workers as required by 29 U.S.C. § 1831(b).

130.    Defendant, in part due to its business practices, failed to comply with the working arrangements made by Defendant with Plaintiffs LOPEZ, SALGADO, and CAPISTRAN, including without limitation, the agreement to comply with state and federal laws establishing minimum health and safety requirements for job sites and state laws regarding payment of wages, all in violation of 29 U.S.C. § 1832(c).

131.    Each Defendant, in part due to its business practices, failed to comply with the record-keeping requirements of 29 U.S.C. § 1831(c)(1) by failing to record the number of all hours worked, including uncompensated work performed, and failing to provide a written itemized statement of such information as required by 29 U.S.C. § 1831(c)(2).

132.     For each separate violation of the AWPA, Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and others are entitled to recover their actual damages or statutory damages of up to $500 per violation under 29 U.S.C. § 1854(c).

## ELEVENTH CAUSE OF ACTION
### Unlawful Competition
### (Cal. Bus. and Prof. Code §§ 17200 *et seq.*)
### By Plaintiffs Individually Against Defendant

133.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

134.     Plaintiffs sue for their own interest pursuant to Business and Professions Code §§ 17200, *et seq.*  Plaintiffs suffered injury-in-fact and have lost money as a result of Defendant's unfair competition alleged herein.

135.     Defendant failed to pay wages owed, including for work performed off-the-clock, in violation of IWC Wage Order 8, Cal. Code Regs., tit. 8 § 11080; IWC Wage Order 13, Cal. Code Regs., tit. 8 § 11130; IWC Wage Order 14, 8 Cal. Code Regs. § 11140 (Jan. 1, 2001); California Labor Code §§ 218, 1194; 29 U.S.C. § 1832(a); and 20 C.F.R. §§ 655.120, 655.122(l) (Feb. 12, 2010).

136.     Defendant failed to provide and maintain tools and equipment necessary to the performance of the job to Plaintiffs and other workers in violation of California Labor Code § 2802 and IWC Wage Order 14, Cal. Code Regs., tit. 8 § 11140 (Jan. 1, 2001).

137.     Defendant failed to provide complete meal periods and/or second meal periods to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and other workers in violation of California Labor Code §§ 226.7, and IWC Order No. 14, 8 Cal. Code Regs. § 11140 (Jan. 1, 2001).

138.    Defendant failed and, on information and belief, has continued to fail, to furnish employment that is safe and healthful to Plaintiffs and other workers, in violation of California Labor Code § 6400(a), as further alleged herein.

139.    Defendant failed and, on information and belief, has continued to fail, to furnish safety devices to Plaintiffs and other workers, and to adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render safe and healthful employment conditions and undertake reasonably necessary things to protect the life, safety and health of Plaintiffs and other workers, in violation of Labor Code § 6401.

140.    Defendant failed and, on information and belief, has continued to fail, to establish, implement and maintain an effective injury prevention program that includes, but is not limited to:  identifying and evaluating workplace hazards including work practices; establishing methods and procedures for correcting unsafe or unhealthy conditions and work practices; and, correcting unsafe and unhealthy conditions and work practices in violation of Labor Code § 6401.7.

141.    Defendant required and, on information and belief, has continued to require Plaintiffs and other workers to work in conditions that are not safe or healthful, in violation of Labor Code § 6402.

142.    Defendant failed and, on information and belief, has continued to fail, to provide safeguards to Plaintiffs and other workers that are reasonably adequate to render its employment of Plaintiffs and other workers safe, in violation of Labor Code § 6403(a).

143.    Defendant failed and, on information and belief, has continued to fail, to identify hazards and provide the appropriate personal safety devices and safeguards to Plaintiffs and other workers pursuant to 8 Cal. Code of Regs., including, without limitation, §§ 3303, 3362, 3380, 3382, 3384, and 3940-4086 as applicable.

144.     Defendant failed and, on information and belief, has continued to fail, to adopt and use methods reasonably adequate to render its employment safe for Plaintiffs and other employees, in violation of Labor Code § 6403(b).

145.     Defendant failed and, on information and belief, has continued to fail, to implement work policies and practices necessary to protect the life, safety and health of Plaintiffs and other employees, in violation of Labor Code § 6403(c), by, among other things, imposing high and unreasonably excessive production standards, exposing workers to heat stress inducing conditions, restricting toilet facility usage, and failing to provide personal protective equipment.

146.     Defendant failed and, on information and belief, has continued to fail to comply with occupational safety and health standards, and with all related rules, regulations, and orders, applicable to the protection of Plaintiffs and other employees, in violation of Labor Code § 6407.

147.     Defendant failed and, on information and belief, has continued to fail, to permit or encourage field workers to take a cool-down rest in adequate shade for a period of no less than five minutes, and to provide its employees with access to shade that is:  present or readily available, subject to the outdoor temperature; located as close as practicable to the areas where employees are working; adequate and either open to the air or provided with ventilation or cooling; and suitable to accommodate 25 percent of the employees on the shift at any time, in violation of Labor Code section 6400, *et seq.*, and the Heat Illness Prevention regulation, 8 Cal. Code Regs. § 3395 (Oct. 5, 2010).

148.     Defendant failed and, on information and belief, has continued to fail, to adequately provide drinking water and sanitary hand washing facilities to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and other employees that is in compliance with Labor Code § 6407 and 8 Cal. Code Regs. §§ 3395 and 3457.

149.     Defendant failed and, on information and belief, has continued to fail, to adequately provide drinking water and accessible access to toilet facilities as

frequently as necessary to Plaintiffs VALERIO, BERMUDEZ, GOMEZ, and MARTINEZ and other employees that is in compliance with Labor Code § 2441 and 8 California Code of Regulations §§ 11080 and/or 11130.

150.    Defendant required Plaintiffs VALERIO, BERMUDEZ, and GOMEZ to meet terms and conditions of employment that violate California's public policy as found in the Labor Code and applicable regulations, and terminated Plaintiffs VALERIO, BERMUDEZ, and GOMEZ's employment for their failure to meet these standards in violation of this essential, significant, fundamental and well-established public policy.

151.    Defendant failed to comply with the provisions of 29 U.S.C. §§ 1831 and 1832 by failing to pay all wages due at the legal rate and failing to comply with the terms of the working arrangements entered into between Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and Defendant.

152.    Defendant, by the acts and/or omissions alleged herein has injured and is injuring the interests of Plaintiffs and the general public in that other employers who have been or are currently employing workers and do so in honest compliance with labor and employment laws (including the laws violated by the Defendant) are at an unfair competitive disadvantage as a result of the Defendant's conduct.

153.    Plaintiffs are entitled to restitution of their wages, out of pocket expenditures, and the economic value of benefits unlawfully denied them by the Defendant in an amount to be determined at trial.  In addition, Plaintiffs are entitled to and seek a preliminary and permanent injunction enjoining the Defendant from its unlawful business practices.

154.    Defendant has been unjustly enriched as a direct result of its unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage over other California agricultural employers, including both growers and farm labor contractors, who comply with the laws described herein, to the injury of Plaintiffs and the general

public, if allowed to retain the unpaid wages and other economic benefits due their employees.

## TWELFTH CAUSE OF ACTION

**Enforcement of Penalties Pursuant to the Cal. Labor Code**
**§§ 2698 *et seq.* (Private Attorneys General Act)**
**By Plaintiffs LOPEZ and SALGADO Individually Against Defendant**

155.     Plaintiffs LOPEZ and SALGADO re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein.

156.     Plaintiffs LOPEZ and SALGADO are aggrieved employees as defined in Labor Code § 2699.

157.     Plaintiffs LOPEZ and SALGADO are informed and believe and thereon allege that Defendant committed, without limitation, the following violations of the California Labor Code against Plaintiffs and other current or former employees while they were and/or are employed by Defendant:

  a.  Defendant violated Labor Code §§ 204 or 204b, 205.5, 210, 558, 1194, 1198 and 2802, and 8 Cal. Code Regs. § 11140 by failing to pay Plaintiffs and, on information and belief, other current and former employees of Defendant, all wages due for all hours worked, including work performed off-the-clock.

  b.  Defendant violated Labor Code § 226(a)  by failing to provide Plaintiffs and, on information and belief, other current and former employees of Defendant, with an accurate itemized statement in writing providing required information, including items regarding (1) gross wages earned, (2) total hours worked by the employee, …, (5) net wages earned, …, and (8) the complete address of Defendant with each periodic payment of wages made by Defendant to Plaintiffs and, on information and belief, other current and former employees of Defendant.

c.  Defendant violated Labor Code § 1174 by failing to maintain accurate and complete payroll records showing the daily hours worked by each Plaintiff, including work performed off-the-clock, and, on information and belief, by other current and former employees of Defendant.

d.  Defendant violated Labor Code §§ 201 and 202 by failing to pay Plaintiffs and, on information and belief, other current and former employees of Defendant, all wages due, including wages for work performed off-the-clock, on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

e.  Each Defendant violated Labor Code §§ 226.7 and 558 by failing to provide to Plaintiffs and, on information and belief, other current and former employees of each Defendant, complete meal periods and/or second meal periods in accordance with IWC Wage Order 14.

f.  Each Defendant violated Labor Code § 223 by paying Plaintiffs, and on information and belief, other current and former employees of each Defendant, at rates lower than the rates established by statute by failing to pay Plaintiffs, and on information and belief, other employees, for all regular hours worked and all overtime hours of work performed, in excess of 10 hours in a day, including work performed off-the-clock, and failing to pay Plaintiffs at rates based on the AEWR for all hours worked pursuant to the H-2A Act.

g.  Defendant violated Labor Code § 2802 by failing to indemnify Plaintiffs and, on information and belief, other current and former employees of Defendant, for the purchase of necessary tools for the completion of their duties in the preparing of farm land, planting, caring for, and harvesting of tomatoes, including, without limitation, gloves and scissors as applicable. Defendant did not reimburse Plaintiffs and, on information and belief, other

current and former employees, for these expenditures, that were, in effect, an offset against wages due to them.

h.  Defendant violated provisions of IWC Wage Order 14 and Labor Code § 558 by failing to pay overtime for all hours worked, including work performed off-the-clock; failing to authorize and permit meal periods specified by the Wage Order; failing to provide and maintain necessary tools and equipment; failing to keep accurate information with respect to hours worked, including the correct beginning and ending of each work period and meal period, total wages paid, total hours worked and applicable rates of pay.

i.  Defendant failed to furnish employment that is safe and healthful for Plaintiffs and, on information and belief, other current and former employees of Defendant, in violation of Labor Code § 6400(a).

j.  Defendant failed to furnish safety devices and adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render its employment safe and healthful and undertake reasonably necessary measures to protect the life, safety and health of Plaintiffs and, on information and belief, other current and former employees of Defendant, in violation of Labor Code § 6401.

k.  Defendant failed and, on information and belief, has continued to fail, to establish, implement and maintain an effective injury prevention program that includes, but is not limited to: identifying and evaluating workplace hazards including work practices; establishing methods and procedures for correcting unsafe or unhealthy conditions and work practices; and, correcting unsafe and unhealthy conditions and work practices in violation of Labor Code § 6401.7.

l.  Defendant required Plaintiffs and, on information and belief, other current and former employees of each Defendant, to be in employment that was not safe or healthful, in violation of Labor Code § 6402.

m.  Defendant failed to provide safeguards reasonably adequate to render its employment safe, in violation of Labor Code § 6403(a).

n.  Defendant failed and, on information and belief, has continued to fail to adopt and use methods reasonably adequate to render its employment safe, in violation of Labor Code § 6403(b).

o.  Defendant failed and, on information and belief, has continued to fail to take reasonably necessary measures to protect the life, safety and health of Plaintiffs and, on information and belief, other current and former employees of Defendant, in violation of Labor Code § 6403(c).

p.  Defendant failed and, on information and belief, has continued to fail to comply with occupational safety and health standards, and with all related rules, regulations, and orders, in violation of Labor Code § 6407, including, without limitation:

i.  Defendant unreasonably and dangerously exposed its crew, including Plaintiffs, to unsafe and unhealthy work conditions in violation of California occupational health and safety laws and regulations requiring heat illness prevention measures, including California Labor Code section 6400, *et seq.*, and 8 Cal. Code Regs. § 3395.

ii.  Defendant failed and, on information and belief, have continued to fail to adequately provide Plaintiffs and other employees drinking water and sanitary hand washing facilities that are in compliance with Labor Code § 6407 and 8 Cal. Code Regs. §§ 3395 and 3457.

158.     Pursuant to Labor Code § 2699.3(a) and (b), on July 17, 2014, Plaintiffs LOPEZ and SALGADO gave written notice by certified mail to Defendant and the Labor and Work Force Development Agency (LWDA) and the Division of Occupational Safety and Health (DOSH) of the factual and legal basis for the labor law violations alleged in this complaint.

159.     Pursuant to Labor Code § 2699.3(a)(2)(B), the LWDA has failed to timely notify the aggrieved employees of its intent to investigate the alleged violations. Pursuant to Labor Code § 2699.3(b), the period for inspection or investigation by DOSH has lapsed and Plaintiffs LOPEZ and SALGADO have not been notified that any citation has been issued or that any violation alleged has been corrected. As such, Plaintiffs LOPEZ and SALGADO commence a civil action in accordance with Labor Code §§ 2699 *et seq.*, including 2699.3 (a) and (b).

160.     Pursuant to Labor Code § 2699.3(a) and (b), on December 4, 2014, Plaintiffs VALERIO, BERMUDEZ, GOMEZ, AND MARTINEZ gave written notice by certified mail to Defendant and the LWDA and DOSH of the factual and legal basis for the labor law violations alleged in this complaint.  Pursuant to Labor Code § 2699.3(a)(2)(B) and § 2699.3(b), the period for inspection and investigation by LWDA and/or DOSH has not yet lapsed.  Plaintiffs VALERIO, BERMUDEZ, GOMEZ, AND MARTINEZ will amend this complaint in accordance with Labor Code §§ 2699.3(a) and/or (b) if the LWDA or DOSH has not timely notified Plaintiffs VALERIO, BERMUDEZ, GOMEZ, AND MARTINEZ that it will investigate.

## **ATTORNEYS' FEES AND COSTS**

Plaintiffs are entitled to fees and costs, pursuant to California law, including, without limitation, Labor Code Sections 226, 1194, and 2802.  Enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California.  Consequently, Plaintiffs'

success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant and each of them as follows:

## **AS TO THE FIRST CAUSE OF ACTION:**

a. An award to Plaintiffs VALERIO, BERMUDEZ, and GOMEZ for reimbursement of lost wages and benefits, in an amount to be determined at trial;

b. Compensatory damages in an amount to be proven at trial, including without limitation, damages for emotional distress, anxiety and mental anguish;

c. Reinstatement;

d. Punitive damages in an amount to be proven at trial.

## **AS TO THE SECOND CAUSE OF ACTION:**

a. Awards to Plaintiffs for the unpaid balance of the full amount of statutory or contractual wages due, in an amount to be determined at trial, plus pre-judgment interest on that amount.

## **AS TO THE THIRD CAUSE OF ACTION:**

a. Awards to Plaintiffs for actual, incidental and consequential damages in an amount to be determined at trial.

## **AS TO THE FOURTH CAUSE OF ACTION:**

a. Awards to Plaintiffs for the unpaid balance of the full amount of the minimum wages, in an amount to be determined at trial, plus pre-judgment interest on that

amount; and liquidated damages equal to the full amount of the minimum wages unpaid, plus interest on that amount.

**AS TO THE FIFTH CAUSE OF ACTION:**

   a. Awards to Plaintiffs of all unpaid overtime wages in an amount to be determined at trial, plus pre-judgment interest on that amount.

**AS TO THE SIXTH CAUSE OF ACTION:**

   a. Awards to Plaintiffs of penalties in an amount equal to 30 times Plaintiffs' daily wages as of the date of termination or 72 hours after separation in an amount to be proven at trial.

**AS TO THE SEVENTH CAUSE OF ACTION:**

   a. Awards to Plaintiffs of all money expended by Plaintiffs on necessary tools and equipment plus interest thereon, as well as liquidated damages, in an amount to be proven at trial.

**AS TO THE EIGHTH CAUSE OF ACTION:**

   a. Awards to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN in an amount equal to the applicable hourly rate of pay times the total number of complete meal periods and/or second meal periods not provided to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN during their periods of employment.

**AS TO THE NINTH CAUSE OF ACTION:**

   a. Awards to Plaintiffs of fifty dollars ($50.00) for the first failure to provide an accurate and complete itemized wage statement to Plaintiffs and one hundred dollars ($100.00) for each subsequent violation to Plaintiffs not to exceed a maximum of four thousand dollars ($4,000.00).

**AS TO THE TENTH CAUSE OF ACTION:**

    a. Awards to Plaintiffs LOPEZ, SALGADO, and CAPISTRAN of actual damages or up to $500 per violation in statutory damages for each violation in an amount to be proven at trial.

**AS TO THE ELEVENTH CAUSE OF ACTION:**

    a. Declaratory relief that Defendant's conduct violates all applicable California and federal labor laws.

    b. A preliminary and permanent injunction enjoining Defendant from failing to provide a place of employment that is safe and healthful and to cease all other unlawful and/or unfair business practices as heretofore alleged.

    c. Restitution to Plaintiffs in an amount to be proven at trial.

**AS TO THE TWELFTH CAUSE OF ACTION:**

    a. Against Defendant, awarding Plaintiffs LOPEZ, SALGADO, and CAPISTRAN and current and former employees amounts pursuant to Labor Code § 2699(a) equal to the penalties provided in Labor Code §§ 210, 226.3, 558, 1174.5, 1197.1, and 2699(f);

    b. Against Defendant pursuant to Labor Code § 2699, directing that the penalties awarded  pursuant to Labor Code §§ 210, 226.3, 1174.5, 1197.1, and 2699(f) be distributed as follows:

        75% paid to the Labor and Workforce Development Agency, and 25% paid to the aggrieved Plaintiff and employees;

    c. Against Defendant pursuant to Labor Code § 2699, directing that the amount of underpaid wages recovered as penalties pursuant to Labor Code § 558 be paid to each affected employee in accordance with Labor Code § 558(a)(3) and the penalties otherwise awarded be distributed as follows:  75% paid to the Labor and

Workforce Development Agency, and 25% paid to the aggrieved Plaintiff and employees;

d.  Costs of suit, generally and pursuant to Labor Code § 2699;

e.  Attorneys fees pursuant to Labor Code § 2699(g); and,

f.  Such other relief as the Court deems just and proper.


**AS TO THE ALL CAUSES OF ACTION:**

An award of:

a.  Cost of suit, generally and pursuant to Labor Code §§ 226, 1194 and 2802;

b.  Attorneys' fees pursuant to Labor Code §§ 226, 1194 and 2802;

c.  Pre-judgment interest; and,

d.  Such other and further relief as the Court deems just and proper.


Dated: December 19, 2014         **CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**



By:   s/ Jennifer C. Bonilla
      Jennifer C. Bonilla
      Attorneys for Plaintiffs
      jbonilla@crla.org